UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GERALD BARNES,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 01-2174 (JRT/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Federal Correctional Institution in Waseca, Minnesota. He has not explained why he is incarcerated, so the Court must simply assume that he is serving a prison sentence for some type of federal criminal offense.

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they may be applied to other types of habeas cases as well. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

JAN 10 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

His current habeas petition consists of three paragraphs, which, repeated verbatim, are as follows:

> "1. Petitioner has reason to believe that the State of California has INFORMATION, COMPLAINT and INDICTMENT against the Petitioner's person.
>
> 2. Petitioner's DUE DILIGENCE is based on the recent October 26, 2001 aired television program known as 48 HOURS.
>
> WHEREFORE, the Petitioner requests that this Court issue an ORDER that the State of California bring the Petitioner to TRIAL in accordance to the Petitioner's CONSTITUTIONALLY PROTECTED RIGHTS under the SPEEDY TRIAL DOCTRINE."

(Petition, [Docket No. 1], p. 1.)

As far as the Court can tell, Petitioner believes, based solely on something he saw on television, that the State of California has formally charged him with some type of state criminal offense. He apparently wants this Court to order the State of California to bring him to trial on the charge(s) against him, pursuant to the "speedy trial" requirement of the Sixth Amendment to the United States Constitution.

The Court concludes that Petitioner's speedy trial claims cannot be entertained in the present habeas corpus proceeding, and it will therefore be recommended that this action be summarily dismissed.

## II. DISCUSSION

Federal habeas corpus relief is available only to individuals who are "in custody" in violation of their rights under federal law or the Constitution. 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) ("[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the

Constitution or laws or treaties of the United States'"), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court).

Moreover, a habeas petitioner must be in the custody of the party against whom relief is sought. If the petitioner is not in the custody of the party against whom relief is sought, then the remedy provided by the federal habeas statutes is not available, and a writ of habeas corpus cannot be granted. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) ("[a]bsent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ"), cert. denied, 490 U.S. 1082 (1989).

In this case, Petitioner is seeking a writ of habeas corpus to be directed to the State of California. Such relief is not available here, however, because Petitioner is not currently in the custody of the State of California; nor is he in the custody of any agent or representative of the State of California. There is nothing in Petitioner's submissions that suggests that any California state entity or official is exercising, or attempting to exercise, any type of custodial authority over Petitioner at this time. Therefore, a writ of habeas corpus directed to the State of California cannot be obtained in this District at this time.

The Court has not overlooked the U.S. Supreme Court's decisions in Smith v. Hooey, 393 U.S. 374 (1969) and Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), which might appear to offer some support for the instant petition. In Smith, the Supreme Court held that a prisoner can assert the right to a speedy trial as to a pending state criminal charge, even when he or she is already incarcerated in some other state for some other crime. In Braden, the Court held that a prisoner who is subject to a state-issued detainer can challenge the detainer on speedy trial grounds in a habeas corpus petition -- even if the prisoner is not being held in the state that issued the detainer. Smith

and Braden may at first appear to open the door to the instant petition, but upon more careful analysis, it is evident that both cases are readily distinguishable from the present case.

Smith is distinguishable, because it was not a habeas corpus action. Therefore, the "in custody" requirement was not an issue in that case, and it was never considered.[2]

Braden was a habeas case, and the Supreme Court did consider the "in custody" requirement. The "in custody" requirement was found to be satisfied in Braden, because the party against whom relief was sought, the State of Kentucky, had issued a detainer against the prisoner-petitioner, who was then incarcerated in Alabama. The Court explained that "[s]ince the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of [the habeas corpus statute]." 410 U.S. at 489, n. 4 (emphasis added).

In the instant case, there is no indication that the State of California has issued a detainer asking the federal Bureau of Prisons to return Petitioner to California upon completion of his federal prison term. In the absence of a state-issued detainer, or some comparable demand that Petitioner be turned over to state authorities in the future, (i.e., upon completion of his federal sentence), Petitioner cannot be said to be "in custody" of the State of California at this time. As explained in Dodd v. Marshal, 439 F.2d 774, 775 (2nd Cir. 1971):

---

[2] Smith suggests that Petitioner may be able to assert his speedy trial claim by some means other than a habeas corpus petition – perhaps by bringing a mandamus petition, or some other proceeding, in an appropriate California state court.

> "The presence of [a] detainer is crucial because it 'represents a present claim... of jurisdiction over... [the] person and the right to subject him to its orders and supervision in the future.' United States ex rel. Meadows v. New York, [426 F.2d 1176, 1179 (2nd Cir. 1970), cert. denied, 401 U.S. 941 (1971)]. In the present case, inasmuch as no detainer has been filed by Washington State with the appropriate federal officials, Dodd [a federal prisoner] is not 'in custody' of the Washington officers and hence the district court was without jurisdiction to accept the application [for habeas corpus relief]."

Again, this case is distinguishable from Braden because there is no indication that the State of California has issued a detainer against Petitioner, or taken any other action that would cause Petitioner to be considered in the custody of California at this time.

## III. CONCLUSION

In sum, Petitioner's habeas corpus petition cannot be entertained here, because he is not currently being held "in custody" by the party against whom habeas relief is sought. It will therefore be recommended that this action be summarily dismissed. It will be further recommended, however, that the action be dismissed without prejudice, so that Petitioner can (a) pursue his speedy trial claim in some proceeding other than a habeas corpus proceeding, (see n. 2, supra), or (b) bring a new habeas petition into federal court if the State of California ever makes a formal legal request -- by detainer or otherwise -- for future custody of Petitioner.

It will also be recommended that Petitioner's "Informative Motion In Reference To Submitted Writ Of Habeas Corpus – Petition," (Docket No. 2), be denied. The apparent purpose of that motion is to compel the Clerk of Court to accept and file his application for writ of habeas corpus. It clearly appears that the Clerk has already accepted and filed all of Petitioner's submissions to date, so his so-called "Informative Motion" is irrelevant.

Finally, it will be recommended that Petitioner's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 3), be denied as moot, because he has already paid the full $5 filing fee for this action, and he has shown no other need for IFP status at this time.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's "Informative Motion In Reference To Submitted Writ Of Habeas Corpus – Petition," (Docket No. 2), be **DENIED**;

3. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED AS MOOT**; and

4. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

Dated: January 10, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.